IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
OCT 28 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

TIMOTHY A. BERRY,  )
        Plaintiff,  )
v.  )  Civil Action No. 3:08CV101-HEH
PIEDMONT REGIONAL JAIL, *et al.*,  )
        Defendants.  )

## MEMORANDUM OPINION
(Dismissing Without Prejudice Action Under 42 U.S.C. § 1983)

Plaintiff, a Virginia prisoner proceeding *pro se*, brings this § 1983 civil rights action. Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve the defendants within 120 days of the filing of the complaint. Here, that period commenced as of March 19, 2009. By Memorandum Order entered on March 19, 2009, the Court directed Plaintiff to provide, within fifteen (15) days of the date of entry thereof, an address where each of the defendants listed in the amended complaint could be served. Additionally, the Court directed Plaintiff to provide, within fifteen (15) days of the date of entry thereof, a statement indicating what relief he seeks from each of the named defendants. Plaintiff did not respond to the above portions of the March 19, 2009 Memorandum Order. Therefore, by Memorandum Order entered on July 2, 2009, the Court advised Plaintiff to promptly comply with the terms of the March 19, 2009 Memorandum Order so that the Court could issue process and the Marshal could effect service on the defendants. Plaintiff did not respond to the July 2, 2009 Memorandum Order. Accordingly, by Memorandum Order entered on August 28, 2009, the Court directed Plaintiff to show good cause for his failure to serve the defendants in the time required by Rule 4(m).

On September 21, 2009, the Court received a letter from Plaintiff explaining that he had been at a new jail for the last five months. On that same day, the Clerk mailed a copy of the docket sheet and the July 2, 2009 and August 28, 2009 Memorandum Orders to Plaintiff. Plaintiff asserts that his case should not be dismissed because "he has been unable to get and handle his mail in a timely fashion." (Pl.'s Sept. 28, 2009 Resp.) Plaintiff did not receive his mail in a timely fashion because Plaintiff failed to comply with his responsibility to keep the Court apprised of his current address. Furthermore, Plaintiff apparently received the March 19, 2009 Memorandum Order and simply ignored the Court's directions in that order to provide the address for defendants. In light of the foregoing record of neglect, Plaintiff fails to demonstrate good cause to excuse his failure to serve the defendants. *See Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992). Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall issue.

/s/
Henry E. Hudson
**United States District Judge**

Date: Oct. 27, 2005
Richmond, Virginia